LAWRENCE CONNORS, PLAINTIFF-RESPONDENT, v. TANNERS PRODUCTS COMPANY, AND, IN THE ALTERNATIVE, AMERICAN HAIR AND FELT COMPANY, DEFENDANTS-APPELLANTS.

Submitted February 17, 1933—Decided April 27, 1933.

480

For the plaintiff-respondent, *Samuel A. Besson* (*Harlan Besson* and *Otmar J. Pellet,* on the brief).

For the defendants-appellants, *Edward A. Markley* and *Howard F. McIntyre.*

The opinion of the court was delivered by

KAYS, J.   This is an appeal from a judgment entered in the New Jersey Supreme Court for the sum of $4,000 in favor of the plaintiff and against the defendant Tanners Products Company and American Hair and Felt Company.   The case was tried before Judge William A. Smith, Circuit Court judge, and a jury at the Essex Circuit on June 2d, 1932. After the opening by the attorney of the plaintiff, Judge Smith granted a nonsuit in favor of the Central Railroad Company of New Jersey which was also a defendant to the

action. It appears that there was no objection to this ruling of the court. At the close of plaintiff's case defendant moved for a nonsuit which was refused by the court. The defendant then rested and moved for a direction of a verdict in favor of the defendants. This motion was also denied by the court. The case then went to the jury and the jury rendered a verdict in favor of the plaintiff and against the two above mentioned defendants.

The facts in the case were that the plaintiff received injuries which he claimed were sustained by the falling of certain bales of cattle hair which fell from a freight car while he was assisting another employe to open the door of the car. Plaintiff had been employed by the Transmarine Corporation as a checker of shipments for a period of about three years before the accident occurred. The accident occurred in the stockyards of the Transmarine Corporation at Port Newark on November 19th, 1928. This place was about two miles from the defendants' plant from which point the bales of hair had been shipped in the freight car. Plaintiff, with his fellow workers, Farrell and Johnson, were ordered to unload the car. Johnson attempted to open the freight car door and the plaintiff attempted to assist him. Plaintiff testified that as he was raising himself from the ground to the level of the car door he noticed the bales were bulging out and thereupon jumped to the ground. Before he was able to move from the place where he landed the bales fell out upon him and injured him. There was evidence in the case that the first layer of bales were laid flat on the floor of the car and others were stacked on end on top of those which laid flat to within two or three inches of the top of the car. The bales were cylindrical in form, measuring about three and a half feet long, two feet at one end and two and a half feet at the other. Each bale weighed about one hundred and twenty-five pounds. There was no evidence on the part of the defendants that the car had been loaded in any different manner when it left the defendants' plant. There was evidence that the employes of the defendant companies had so piled them. These bales were to be unloaded by the employes of the Transmarine Corporation

for the purpose of reloading them on a steamship which was moored near the car. There was nothing across the opening of the car other than the door itself to prevent these bales from falling out. Plaintiff who had been employed for three years in unloading cars testified that the bales were not stacked in the regular manner and that they were apt to fall. There was evidence that the seal of the freight car had not been broken when the plaintiff and his fellow workers attempted to open the door.

The first ground argued for reversal is that the trial court should have granted a nonsuit or directed a verdict in favor of the defendants. We are of the opinion that the trial court properly refused the request in this particular. It was for the jury to say whether or not these bales were properly piled by the defendants or whether they were piled in such a manner that they were likely to fall and cause an injury such as occurred in this case. There was no evidence submitted by the defendants that the bales were properly piled or that they were piled any differently from the time they left the defendants' plant to the time when the accident occurred.

The next point argued for reversal is that the court erred in charging the jury as follows: "It is claimed here by the plaintiff that these defendants are chargeable with negligence for improperly loading that car, so that in the opening of the car he was injured due to this improper loading." Appellant argues that there was no proof that the car was improperly loaded. The jury could infer from the testimony of the plaintiff that the cars were improperly loaded from the fact that plaintiff said that they were not stacked in the regular manner and were apt to fall, and in addition to this, as a matter of fact, they did fall without any negligence on the part of the persons who opened the door.

The next point argued is that the court erroneously charged the jury as follows: "It is claimed that on the ends, because of the character of the goods, the bales were round so that they would not pile as readily on end and be as stable with these rounded ends. It is claimed that at the doorway they were piled on end, and not flat, and that that was a negligent

method of piling because it rendered them unstable." We find no proper exception to this charge of the court and, therefore, this point cannot be argued here. It appears from the court's charge as a whole that the facts in the case were properly submitted to the jury and there was evidence upon which the jury could find a verdict in favor of the plaintiff.

The judgment under review is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   15.

*For reversal*—None.